NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

## THOMAS FLOOD, PETITIONER, v. NEWARK PLUMBING AND HEATING COMPANY, RESPONDENT.

For the petitioner, *Richard Spitz.*

For the respondent, *Richard W. Baker.*

\*        \*        \*        \*        \*        \*        \*

It was stipulated and agreed that the petitioner's deposition taken in the City Hospital on February 20th should be admitted in the testimony, and it was further stipulated that the petitioner was employed by the respondent on the day of the alleged accident on August 11th, 1926, and that his wages were over $25 per week.

In addition to the deposition of the petitioner, Dr. Zerlip, Dr. Kessler, Dr. O'Neil, Mr. Weiss, Mr. Vreeland, Mr. Picot and Miss Ritchie were called to testify. On behalf of the rspondent Dr. Washington and Dr. Ruoff were called to testify and by stipulation it was admitted in the evidence that the Rogers-Ebert Company had delivered the bathtub to the premises where the petitioner was injured on August 4th, 1926, and further the payroll records showing the time that the petitioner worked were admitted in the evidence.

There were two main questions involved in the case, the first being whether or not the petitioner sustained an injury by accident arising out of and in the course of his employment with the respondent on August 11th, 1926, as alleged, and the second being whether or not if he did sustain such an injury it aggravated a latent condition of tuberculosis and

thus caused tuberculosis of the spine from which the petitioner is at the present time suffering so that he is now totally and permanently disabled.

On the first question I have carefully analyzed the testimony and I find that the petitioner has failed to sustain the burden of proving that he received an injury by accident arising out of and in the course of his employment on August 11th as alleged. In his own testimony he stated that the accident happened about August 11th, or in the early part of August. He then further stated that he remembers that they were waiting to work on the tub which had not yet been delivered at the job at which they were at that time, that the tub was delivered that afternoon, and that on the next day he carried it up the stairs with the assistance of Mr. Weiss. He was very positive that the tub was delivered one afternoon and that he was injured the next day, and in this he is known to be borne out by Mr. Weiss. As it was stipulated and agreed that the tub had been delivered on August 4th, it would seem to prove the date of the accident as August 5th and not August 11th. Further, the petitioner stated that he was paid for a full day on the date when the alleged accident happened, and the payroll records show that on August 5th the petitioner was paid for a full day but on August 11th he was only paid for a half day and rather indicates that he did not work on the afternoon of that day.

As stated before, Mr. Weiss seems to corroborate the petitioner in regard to the date when the tub was carried up and though Mr. Vreeland, who was an officer of the respondent company at the time of the alleged accident, testified that the accident happened on August 11th, still he went on to say that on his recommendation the petitioner stayed away from work a couple of days after the alleged accident and then he came back for a few days, being given lighter work by Mr. Vreeland because his regular work was too heavy. As the payroll records show that the petitioner did not work any time after August 11th, it must have been sometime previous to that time that the petitioner was injured as alleged, and if we take the date of August 5th he was out a couple of days after that time. This is also borne out by Mr. Weiss

who stated that the petitioner returned to work for a few days after laying up for a while and then had to quit. Accordingly, from all the testimony in the case I find that the petitioner has failed to sustain the burden of proving an injury by accident as alleged on August 11th, 1926, and therefore the case should be dismissed on these grounds.

On the medical aspect of the case we have the varying opinions of the doctors, the two doctors for the respondent testifying that in their opinion the alleged accident had no bearing on the man's condition of tuberculosis of the spine and also there was no definite diagnosis of such until March, 1927, as before that time an examination of the sputum was negative. On the other hand, Dr. Kessler and Dr. Zerlip who saw the man in the ward of the City Hospital testified that though the alleged accident could not have caused such a condition, it could have aggravated a latent condition and there was some discrepancy in their testimony as to how long a period of time could pass by before a latent condition aggravated by an accident would appear so as to be clearly diagnosed. The main medical testimony in the case seems to be that of Dr. O'Neil who was the attending doctor and saw the petitioner first about the first part of September, 1926. Dr. O'Neil could not diagnose the condition and in spite of several sputum and X-ray tests taken at the hospital was unable to find at any time that there was a tubercular condition. He did find out, however, when he placed the petitioner in the hospital that the petitioner had a definite condition of chronic appendicitis and this condition became so acute that he was forced to operate upon him for it and this for the time relieved the pain complained of in the stomach and also in the back. As this doctor did not at any time find any condition of tuberculosis present up to and including the first part of March, 1927, and as there was no evidence in this to show that the petitioner was suffering a latent condition of tuberculosis in August, 1926, I cannot infer that such a latent condition existed at that time when there was no evidence of it and where it did not exist in spite of X-rays and in spite of sputum tests up until about the month of March, 1927. Accordingly, I feel that the petitioner

has failed to sustain the burden of proving that even if he had proved an injury by accident as alleged that this injury accelerated a latent condition so as to make the present condition of tuberculosis of the spine a compensable one.

Accordingly, I hereby order that the case be dismissed without costs to either party.

HARRY J. GOAS,
*Deputy Commissioner.*